# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHRISTINA JACOBS,**

    Plaintiff,

v.                                        **CIVIL ACTION NO. 3:13-CV-89**
                                                 **(JUDGE GROH)**

**ALICIA WILSON, Physician's Assistant, and**
**JANET SHACKLEFORD, Medical Doctor,**

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Judge Seibert for submission of a proposed Report and Recommendation. Judge Seibert filed his Report and Recommendation [Doc.41] on June 19, 2014. In that filing, he recommended that this Court grant Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and dismiss with prejudice Plaintiff's Complaint.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Seibert's Report and Recommendation were due within fourteen days after being served with a copy of the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Plaintiff timely filed her objections on June 30, 2014. Accordingly, this Court will undertake a de novo review of those portions of Judge Seibert's findings to which objection is made. This Court will review the remainder of the Report and Recommendation for clear error.

## II. Background

### A. Factual Background

Plaintiff alleges the following facts and circumstances in her Complaint. On or about March 31, 2010, Plaintiff shut her left middle finger in her cell door at SFF Hazelton. As a result, her finger had two visible lacerations on either side of her left middle finger. On the same date, Plaintiff was initially seen by Jamie Hamilton, RN, who referred her to the on-duty medical doctor, Janet Shackelford ("Shackelford").

Shackelford performed an x-ray on Plaintiff's finger, and it revealed a left distal phalangeal fracture. Dr. Shackelford concluded the injury did not require sutures. She

rinsed and cleaned the wound and wrapped the finger with sterile gauze. Although a splint was not applied that day, one was ordered for the following day's dressing change.

On April 1, 2010, Plaintiff returned to the medical unit. Plaintiff contends that PA Alicia Wilson ("Wilson) examined her finger and concluded that the skin around the wound was "dying." Plaintiff alleges that Wilson determined it was medically necessary to suture the wound "to keep the Plaintiff from losing her entire fingertip." PA Wilson used five sutures to close the wounds, and she placed a hard plastic protective covering over the finger.

Plaintiff contends the sutures were scheduled for removal on April 8, 2010, but they were not removed until April 13, 2010. Plaintiff states that the delay in removing her sutures caused her additional pain and suffering because the skin had begun to grow around the sutures and were forcibly removed.

On or about July 14, 2010, Plaintiff states she was transferred to FPC Marianna in Marianna, Florida. At the facility on or about January 10, 2011, she met with Mid-Level Practitioner ("MLP") Abad. Plaintiff alleges she received an x-ray, and it was read as abnormal, with distal tuft fracture with 2mm displaced fragment. On January 21, 2011, Plaintiff had a follow-up appointment with MLP Abad. See discussed with Plaintiff that the wound was old, but she would schedule her for an appointment with Dr. Toledo who could refer her to an orthopedic specialist.

On May 26, 2011, Plaintiff met with Dr. Toledo. She states that Dr. Toledo explained that in its current state, Plaintiff's finger would require surgical repair and that the surgery would cause her more pain than she was currently experiencing.

In conclusion, Plaintiff argues that Defendants were deliberately indifferent to her serious medical needs in the following two circumstances: (1) when Defendant Wilson failed to provide a splint or other immobilizing device and an orthopedic specialist referral and (2) when Defendant Shackelford failed to provide sutures, an immobilizing device for the finger, effective pain medication, and an orthopedic specialist referral.

Plaintiff seeks injunctive relief in the form of a declaration that her rights have been violated. She also requests an order directing Defendants to pay her $3,894,000 in compensatory damages, $75,000 in nominal damages, $75,000 in punitive damages, and reasonable attorney's fees, medical expert fees, and costs.

### B. Procedural History

On August 1, 2013, Plaintiff, acting *pro se*, filed this <u>Bivens</u> civil rights complaint against the above-named defendants. On November 18, 2013, Judge Seibert conducted a preliminary review of the file and determined that summary dismissal was not appropriate, and summonses were issued.

On February 7, 2014, Defendants filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment. On March 4, 2014, Judge Seibert issued a <u>Roseboro</u> notice to the *pro se* Plaintiff. On March 10, 2014, Plaintiff filed her response, titled "Plaintiff's Traverse to Defendants [sic] Memorandum to Dismiss, or in the Alternative, for Summary Judgment."

On June 19, 2014, Judge Seibert issued a Report and Recommendation that recommended that the Court grant Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and dismiss with prejudice Plaintiff's Complaint. On June

30, 2014, Plaintiff filed her objections to the Report and Recommendation. Accordingly, this issue is ripe for the Court's review.

### III. Standard of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).

But, a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

5

## B. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. See Fed. R. Civ. P. 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-35; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

## IV. Discussion

Plaintiff filed several objections to Judge Seibert's Report and Recommendation. The Court addresses each objection below.

### A. Clarification of January 13 Visit Date

First, Plaintiff objects to Judge Seibert's Report and Recommendation because Plaintiff argues that Judge Seibert stated her visit with MLP Abad occurred on January 13, 2014, rather than January 21, 2011 as represented by Plaintiff. Plaintiff requests that this Court clarify that the date of her follow-up appointment with MLP Abad was actually January 13, 2011.

Upon review of the Bureau of Prisons Health Services Clinical Encounter document, Plaintiff's follow-up appointment with MLP Abad occurred on January 23, 2011. See Jacobs v. Wilson, Civil Action No. 1:12-CV-131 [Doc. 32-3 at p. 45-46] (N.D.W. Va. Mar. 26, 2013). Therefore, the Court **SUSTAINS** Plaintiff's objection and clarifies that her follow-up appointment occurred on January 23, 2011–not January 13, 2014.

### B. Plaintiff's Challenge to Magistrate Judge Seibert's Finding that Defendants were not Deliberately Indifferent to her Serious Medical Needs

Second, Plaintiff's remaining objections essentially challenge Magistrate Judge Seibert's findings that Defendants did not act with deliberate indifference to her serious medical needs. Specifically, Plaintiff states that "[a] splint was necessary to provide immobilization to the fracture[d] finger to heal properly" and Plaintiff "still reiterates her arguments and refutes the defendants' on the same." Pl.'s Obj., p. 3-4.

7

A prison official "unnecessarily and wanton[ly]" inflicts pain proscribed by the Eighth Amendment by acting with "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). First, the prisoner must show objectively that the deprivation suffered or the injury inflicted was serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prisoner must satisfy the subjective component of such a claim by a showing of deliberate indifference by prison officials. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (citing Farmer, 511 U.S. at 834). "[C]onduct that amounts to 'deliberate indifference' . . . is viewed as sufficiently shocking to the conscience." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). An officer is deliberately indifferent to a substantial risk of harm to a prisoner when that officer "knows of and disregards" the risk. Farmer, 511 U.S. at 837. It requires "something more than mere negligence," but it does not require actual purposeful intent. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Id. (quoting Farmer, 511 U.S. at 837).

**1. Defendant Alicia Wilson, PA**

Plaintiff alleges Defendant Wilson acted with deliberate indifference by failing to provide a splint or other immobilizing device for her finger and by failing to refer her to an orthopedic specialist. Plaintiff must satisfy both the objective component and the subjective component for deliberate indifference under the Eighth Amendment.

Plaintiff must first objectively demonstrate a sufficiently serious medical need. Farmer, 511 U.S. at 834. In this case, Plaintiff alleges that her broken finger injury was

8

serious. Numerous district courts have held that a broken finger is generally not a sufficiently serious medical need to support an Eighth Amendment violation. See Green v. Corrs. Corp. of Am., No. 1:12-CV-2293, 2013 WL 1567465, at *2 (W.D. La. Feb. 11, 2013) (stating that "[n]umerous cases have found that a broken finger does not rise to the level of a serious medical need for purposes of a constitutional analysis"); Patterson v. Goord, No. 9:06-CV-0211, 2008 WL 623123, at *8 (N.D.N.Y. Mar. 4, 2008) (noting that "each of the four New York State district courts in this Circuit have specifically held, as a matter of law, that a broken finger alone does not constitute a serious medical need"); Magee v. Childs, No. 9:04-CV-1089 (GLS)(RFT), 2006 WL 681223, at *6 (N.D.N.Y. Feb. 27, 2006) ("[I]t has been held that a broken finger does not constitute serious injury."); Rodriguez v. Joyce, 693 F. Supp. 1250, 1252-53 (D. Me. 1988) (stating that a broken finger is not sufficiently serious to support an Eighth Amendment claim). Therefore, Plaintiff has failed to objectively demonstrate that her broken finger was a serious injury.

Even if Plaintiff's fractured finger was a serious medical need, there is no genuine issue of material fact and no evidence demonstrating that any defendant was deliberately indifferent. To satisfy the subjective component, Plaintiff must make a showing of deliberate indifference by Defendant Wilson. Negligence or medical malpractice does not satisfy the subjective component. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Rather, a constitutional violation occurs when the medical staff's actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable

to fundamental fairness." Jackson v. Sampson, No. 13-6293, 2013 WL 3892952, *1 (4th Cir. 2013) (quoting Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990)). "An inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim." Id.

In this case, Plaintiff's undisputed medical records and Defendant Wilson's sworn declaration demonstrate that Defendant Wilson did not act with deliberate indifference to a substantial risk of harm to Plaintiff. Defendant Wilson did not delay in providing treatment to Plaintiff. Indeed, Plaintiff received medical attention for her finger on the same day she was injured, March 31, 2010.

Also on March 31, 2010, Defendant Shackelford stated that no splint was available, but she specified that one would be obtained for Plaintiff's visit the following day. The next day, Plaintiff was examined by Defendant Wilson. Upon examining Plaintiff's finger, Defendant Wilson determined that her finger required sutures. Defendant Wilson cleaned the two lacerations on Plaintiff's finger, injected Lidocaine into each laceration, cleaned the wounds again, and then sutured the finger. [Doc. 33-4] at p. 9. Defendant Wilson averred that she sutured Plaintiff's finger because "the wound had not improved." [Doc. 33-3], at p. 3. After suturing Plaintiff's finger, she provided a hard protective covering for the finger. Id. The hard protective covering immobilized the finger and assisted in protecting the sutures and healing the finger.

Plaintiff was not denied medical treatment for her injury. Indeed, she received appropriate treatment and numerous follow-up visits. On April 5, 2010, Defendant Wilson noted that Plaintiff's finger "looks great" and is "healing well." [Doc. 33-4], at p.

12. At that visit, Plaintiff requested more pain medications, and Dr. Shackelford granted her request. Id. On April 13, 2010, Plaintiff returned to Health Services and was examined by Defendant Wilson. Defendant Wilson removed Plaintiff's suture, and she noted that "[s]kin on finger looks great. No erythema, no discharge . . . Follow-up at Sick Call as Needed." [Doc. 33-4], at p. 14. Defendant Wilson's sworn declaration notes that "[a]fter this date, the plaintiff never returned to Health Services for regarding [sic] any complaints about her finger, and on July 6, 2010, she transferred to another institution." [Doc. 33-3], at p. 3.

Finally, although Plaintiff's injury was not referred to an orthopedic specialist as Plaintiff requested, "[d]isagreements between an inmate and a physician over the inmate's proper medical care" is not enough to state a claim of deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); see also Henderson v. Doe, No. 98 CIV. 5011 (WHP), 1999 WL 378333, at *3 (S.D.N.Y. June 10, 1999) (finding that failure to refer the plaintiff to an orthopedic specialist for his broken finger did not constitute deliberate indifference). Therefore, Plaintiff has not satisfied the subjective component for deliberate indifference under the Eighth Amendment as to Defendant Wilson.

### 2. Defendant Janet Shackelford, MD

Plaintiff alleges Defendant Shackelford acted with deliberate indifference by failing to provide sutures at her initial visit to Health Services, a splint or immobilizing device for her finger, effective pain medication, and a referral to an orthopedic specialist. Plaintiff must satisfy both the objective component and the subjective component for deliberate indifference under the Eighth Amendment.

11

Plaintiff must first objectively demonstrate a sufficiently serious medical need. Farmer, 511 U.S. at 834. In this case, Plaintiff alleges that her broken finger was a serious injury constituting a serious medical need. As explained above, numerous district courts have held that a broken finger is generally not a sufficiently serious medical need to support an Eighth Amendment violation. Therefore, Plaintiff has failed to objectively demonstrate that her broken finger was a serious injury.

Even if Plaintiff's fractured finger was a serious medical need, the undisputed facts demonstrate that Defendant Shackelford did not act with deliberate indifference. Negligence or medical malpractice does not satisfy the subjective component. De'Lonta, 330 F.3d at 634; Grayson, 195 F.3d at 695. Rather, a constitutional violation occurs when the medical staff's actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Jackson, No. 13-6293, 2013 WL 3892952, *1 (quoting Miltier, 896 F.2d at 851). "An inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim." Id.

In this case, Plaintiff has not demonstrated that Defendant Shackelford acted deliberately indifferent to a substantial risk of harm to Plaintiff. First, Defendant Shackelford treated Plaintiff on the same day she was injured. Plaintiff arrived at USP Hazleton's Health Services at 12:10 p.m. on March 31, 2010. After receiving an initial examination from a registered nurse, Defendant Shackelford examined the Plaintiff at 12:56 p.m. Indeed, Plaintiff has not alleged that she was not treated in a timely manner. Second, Defendant Shackelford provided meaningful comments upon her examination

of Plaintiff. Upon her initial examination of Plaintiff, Defendant Shackelford reported that

> [w]ound edges fairly well approx[imated] as broken bone and risk of
> infection will not place sutures (foreign body) and will start Bactrim
> antibiotics prophylactically. Inmate will follow up tomorrow and until
> wound starts to heal. Warning sx of infection given to inmate to immed
> come or have co call to HS.

[Doc. 33-2], at 3.

Dr. Shackelford then elaborated on her report stating

> [i]nmate smashed her hand in a door. Cut skin and small amount bleeding
> very painful. Xrray [sic] shows distal phalange fractured. Cut dorsal part
> of finger to below nail and small lacation [sic] palm surface of distal 1st
> finger. Cut was clean and min bleeding. Due to proximity of fractured
> bone will not place stitch to avoid foreign body and decrease chance of
> infection. Wound rinsed for 5 minutes cleaned with betadine then
> bacitracin ointment and wrapped with sterile guaze [sic] the 4x4s [sic]. No
> splint avail will obtain for tomorrow's dressing change. Start bactrim DS
> BID and Motrin. 2008 had tetanus shot.
> . . .
> Follow up to HS daily for check and dressing change until staff stops
> visits. Return immed if fever, increased swelling, bleeding, redness,
> drainage warmth occurs.

[Doc. 33-2], at 4-5.

Plaintiff has not demonstrated that Defendant Shackelford acted grossly incompetent or inadequate. Rather, Defendant Shackelford provided timely and thorough care. Defendant Shackelford's notes reveal a well-reasoned course of medical treatment. Although Defendant Shackelford stated no immobilizing device was available on March 31, 2010, she placed an order for one to be delivered for Plaintiff's visit the following day. On April 1, 2010, Defendant Wilson sutured Plaintiff's finger and provided a hard protective covering for the finger. See Cooper v. Cole, Civil Action No.

13

L-10-270, 2010 WL 2132250, at *2 (D. Md. May 25, 2010) (finding that the plaintiff failed to demonstrate deliberate indifference when the prison medical staff treated his broken finger with pain medication and a home exercise program). Upon review of the record, Defendant Shackelford provided adequate care and treatment for Plaintiff's injury. Therefore, Plaintiff has not satisfied the subjective component for deliberate indifference under the Eighth Amendment as to Defendant Shackelford.

### V. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the Plaintiff's Objections are **OVERRULED**. It is further ordered that the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment is **GRANTED** and Plaintiff's Complaint is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter in favor of the defendants.

**DATED**: July 24, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE